1 | SKAPIK LAW GROUP
  | Mark J. Skapik (SBN 164957)
2 | Geralyn L. Skapik (SBN 145055)
  | Blair J. Berkley (SBN 222293)
3 | Matthew T. Falkenstein (SBN 333302)
  | 5861 Pine Avenue, Suite A-1
4 | Chino Hills, California 91709
  | Telephone: (909) 398-4404
5 | Facsimile: (909) 398-1883
  | Email: mskapik@skapiklaw.com, gskapik@skapiklaw.com,
6 | bberkley@skapiklaw.com, mfalkenstein@skapiklaw.com

7 | Attorneys for Plaintiff

8 | UNITED STATES DISTRICT COURT

9 | CENTRAL DISTRICT OF CALIFORNIA

10 |

11 | RYAN P. WALTERS, an individual, | Case No.:

12 | Plaintiff, |

13 | vs. | **COMPLAINT FOR DAMAGES**

14 | | 1. 42 U.S.C. § 1983 (Excessive Force)
   | STATE OF CALIFORNIA; | 2. 42 U.S.C. § 1983 (Failure to Intervene)
15 | CALIFORNIA HIGHWAY PATROL; | 3. 42 U.S.C. § 1983 (Violation of First Amendment)
   | and DOES 1 through 10, inclusive, |
16 | | 4. California Civil Code § 52.1 (Bane Act)
17 | Defendants. | 5. Assault
   | | 6. Battery
18 | | 7. Intentional Infliction of Emotional Distress

19 | | **DEMAND FOR JURY TRIAL**

20 |

21 | ///
22 | ///
23 | ///
24 | ///
25 | ///
26 | ///
27 | ///
28 | ///

# COMPLAINT FOR DAMAGES

1. Plaintiff RYAN WALTERS for his complaint against Defendant STATE OF CALIFORNIA and DOES 1-10, inclusive, whose identities are currently unknown, alleges as follows:

## INTRODUCTION

2. This civil rights action seeks compensatory and punitive damages from Defendants for violating various rights under the United States Constitution in connection with a confrontation between Plaintiff and yet-to-be identified members of the California Highway Patrol ("CHP"), which is owned and operated by Defendant STATE OF CALIFORNIA.

## PARTIES

3. At all relevant times, RYAN WALTERS ("Plaintiff") was an individual residing in the County of Orange, California.

4. At all times relevant, Defendant STATE OF CALIFORNIA ("STATE") is and was a duly organized public entity, form unknown, existing under the laws of the United States of America. At all times relevant, STATE owned and operated CHP, and was the employer and principal of DOES 1-10, inclusive, who were officers of CHP.

5. At all times relevant, Defendant CALIFORNIA HIGHWAY PATROL ("CHP") is and was a law enforcement agency owned and operated by defendant STATE. At all times relevant, Defendant CHP was the employer and principal of DOES 1-10, inclusive, who were officers of CHP.

6. At all times relevant, DOES 1-10, inclusive, were duly authorized employees and agents of the STATE, who were acting under color of law within the course and scope of their respective duties as police officers and with the complete authority and ratification of their principal, the STATE.

7. At all times relevant, DOES 1-10, inclusive, were duly appointed police officers and/or employees or agents of the STATE, subject to oversight and supervision by the STATE's elected and non-elected officials.

1  8. In doing the acts and failing and omitting to act as hereinafter described,
2  Defendants DOES 1-10, inclusive, were acting on the implied and actual permission and
3  consent of the STATE.
4  9. At all times mentioned herein, each and every STATE defendant was the
5  agent of each and every other STATE defendant and had the legal duty to oversee and
6  supervise the hiring, training, conduct, and employment of each and every other STATE
7  defendant.
8  10. The true names of defendants DOES 1-10, inclusive, are unknown to
9  Plaintiff, who therefore sues these defendants by such fictitious names. Plaintiff will
10 seek leave to amend this complaint to show the true names and capacities of these
11 defendants when they have been ascertained. Each of the fictitiously named defendants
12 is responsible in some manner for the conduct and liabilities alleged herein.

**JURISDICTION AND VENUE**

14 11. This civil action is brought for the redress of alleged deprivations of
15 constitutional rights as protected by 42 U.S.C. §§ 1983, 1985, 1986, 1988, and the
16 Fourth Amendment of the United States Constitution. Jurisdiction is founded on 28
17 U.S.C. §§ 1331, 1343, and 1367.
18 12. Venue is proper in this Court under 28 U.S.C. § 1391(b), because
19 Defendants reside in, and all incidents, events, and occurrence giving rise to this action
20 occurred in the County of Los Angeles, California.

**FACTS COMMON TO ALL CLAIMS FOR RELIEF**

22 13. Plaintiff repeats and realleges each and every allegation in paragraphs 1
23 through 11 of this complaint with the same force and effect as though fully set forth
24 herein.
25 14. On or about June 18, 2023, in the early morning hours, Plaintiff was
26 driving home from a friend's house in Long Beach, California.
27 15. While driving, Plaintiff stopped at a red light behind another car at or
28 around the intersection of Long Beach Boulevard and the 91 Freeway in Long Beach,

COMPLAINT

California, and waited for the light to turn green so that he could get on the 91 eastbound.

16. At the same time, multiple police cruisers, including multiple CHP vehicles, were pulled over by the side of the road after what appeared to be a high speed chase. Plaintiff observed these vehicles while remaining in his car.

17. After some time, the light turned green. However, for some reason, the car in front of Plaintiff did not move, presumably because the driver was enthralled with the significant police activity happening outside. After waiting for some time, Plaintiff lightly pressed the horn of his car to indicate to the driver in front of him that the light was green. Plaintiff's actions got the attention of the other driver, who drove away.

18. However, when Plaintiff honked his horn, an unknown CHP officer (one of DOES 1-10) ran into the road and blocked Plaintiff from proceeding. This unknown CHP officer began yelling at Plaintiff telling him he wasn't allowed to honk his horn. Plaintiff was confused, and tried to indicate that the light was green and that he was simply trying to get home. The officer ignored him and remained in front of Plaintiff's car until the light turned back to red.

19. Once the light was red, the unknown CHP officer came to the driver's side window of Plaintiff's car and told Plaintiff to exit the vehicle. Plaintiff asked the officer if he could video record the interaction and reach for his cell phone, which was in the cupholder of his car.

20. In response and retaliation to Plaintiff wanting to video record the incident, the CHP officer forcibly pulled Plaintiff from the car and attempted to wrestle him to the ground. Plaintiff did not resist, but was confused because he had not been informed that he had done anything wrong.

21. A few seconds later, at least four other CHP officers (also some of DOES 1-10, inclusive) came over and gang tackled Plaintiff to the ground. Plaintiff was punched, kicked, elbowed, kneed, and tased multiple times by these CHP officers. The CHP officers then pushed and slammed Plaintiff's head into the asphalt multiple times,

and at least one officer put Plaintiff in a positional asphyxiation position by placing his whole bodyweight on Plaintiff's back. At least one of the CHP officers then tased Plaintiff again while he was in this position.

22. Plaintiff was then arrested and taken to Lynwood jail in Long Beach, California where he spent the night. He was released the next morning with a citation. Plaintiff was never formally charged with a crime.

23. On November 14, 2023, Plaintiff filed a government tort claim against the STATE for damages arising from the excessive and unconstitutional use of force against him by DOES 1-10, inclusive. A true and correct copy of this claim has been attached hereto as **Exhibit A**.

24. The STATE never responded to Plaintiff's tort claim, which was deemed denied as a matter of law on December 29, 2023.

## I.

## FIRST CLAIM FOR RELIEF

**42 U.S.C. § 1983 (Unreasonable Search and Seizure – Excessive Force)**

(By Plaintiff against DOES 1-10, inclusive)

25. Plaintiff repeats and realleges each and every allegation in paragraphs 1 through * of this complaint with the same force and effect as if fully set forth herein.

26. The unjustified beating and tasing of Plaintiff by DOES 1-10, inclusive, deprived Plaintiff of his right to be secure in his persons against unreasonable searches and seizures as guaranteed to Plaintiff under the Fourth Amendment to the United States Constitution and applied to state actors by the Fourteenth Amendment.

27. The unreasonable use of force by DOES 1-10, inclusive, deprived Plaintiff of his right to be secure in his person against unreasonable searches and seizures as guaranteed to Plaintiff under the Fourth Amendment to the United States Constitution and applied to state actors by the Fourteenth Amendment.

28. As a result, Plaintiff suffered extreme mental and physical pain and suffering, emotional distress, and loss of enjoyment of life.

29. DOES 1-10, inclusive, each engaged in stopping Plaintiff without probable cause or reasonable suspicion, forcing him from his vehicle in retaliation for asking to film the interaction, and then tackling him to the ground and punching, kicking, kneeing, striking, elbowing, and tasing Plaintiff. DOES 1-10, inclusive, then placed Plaintiff in an asphyxiation restraint position and continued to beat, strike, kick, punch, elbow, and tase Plaintiff while he was restrained.

30. As a result of their conduct, DOES 1-10, inclusive, are liable for Plaintiff's injuries either because they were integral participants in the excessive force, or because they failed to intervene to prevent these violations.

31. This use of excessive force was unreasonable under the circumstances because it was without probable cause, and deprived Plaintiff of his Fourth Amendment right to be free of unreasonable seizures. Plaintiff was not arrested, posed no threat to the officers or anyone else, and was not resisting or obstructing lawful police action and, therefore, the force used by DOES 1-10, inclusive, was unnecessary under the circumstances.

32. In using such excessive force on Plaintiff, DOES 1-10, inclusive, acted intentionally and under color of state law.

33. The conduct of DOES 1-10, inclusive, was willful, wanton, malicious, and done with reckless disregard for the rights and safety of Plaintiff and therefore warrants the imposition of exemplary and punitive damages as to DOES 1-10, inclusive.

34. Plaintiff also seeks attorneys' fees under this claim.

## II.

## SECOND CLAIM FOR RELIEF

**42 U.S.C. § 1983 (Unreasonable Search and Seizure – Failure to Intervene)**

(By Plaintiff against DOES 1-10, inclusive)

35. Plaintiff repeats and realleges each and every allegation in paragraphs 1 through 34 of this complaint with the same force and effect as if fully set forth herein.

///

36. The unjustified beating and tasing of Plaintiff by DOES 1-10, inclusive, deprived Plaintiff of his right to be secure in his persons against unreasonable searches and seizures as guaranteed to Plaintiff under the Fourth Amendment to the United States Constitution and applied to state actors by the Fourteenth Amendment.

37. The unreasonable use of force by DOES 1-10, inclusive, deprived Plaintiff of his right to be secure in his person against unreasonable searches and seizures as guaranteed to Plaintiff under the Fourth Amendment to the United States Constitution and applied to state actors by the Fourteenth Amendment.

38. Furthermore, each of DOES 1-10, inclusive, had a duty to intervene in the obviously unconstitutional uses of excessive force by each of the other DOE defendants against Plaintiff, and each of them failed to do so.

39. DOES 1-10, inclusive, each observed at least one of the other DOES violate Plaintiff's constitutional rights by stopping Plaintiff without probable cause or reasonable suspicion, forcing him from his vehicle in retaliation for asking to film the interaction, and then tackling him to the ground and punching, kicking, kneeing, striking, elbowing, and tasing Plaintiff. DOES 1-10, inclusive, each observed at least one of the other DOES then place Plaintiff in an asphyxiation restraint position and continue to beat, strike, kick, punch, elbow, and tase Plaintiff while he was restrained. This excessive and unreasonable force was used on Plaintiff despite the fact he was unarmed, never resisted and was not a threat to himself or any other person.

40. Despite having ample opportunity to intervene in the obviously unconstitutional uses of force against Plaintiff, who was not accused of or being investigated for any crime at the time, DOES 1-10 stood by and simply observed or even encouraged the uses of force against Plaintiff by the other DOES.

41. As a result, Plaintiff suffered extreme mental and physical pain and suffering, emotional distress, and loss of enjoyment of life.

///

///

42. As a result of the conduct of DOES 1-10, inclusive, they are liable for Plaintiff's injuries because they failed to intervene in each of the other defendants' unconstitutional acts.

43. This use of excessive force was unreasonable under the circumstances because it was without probable cause or reasonable suspicion, and deprived Plaintiff of his Fourth Amendment right to be free from unreasonable seizures. Plaintiff posed no threat to the officers or anyone else, and was not resisting or obstructing lawful police action. Therefore, the force used by DOES 1-10, inclusive, was extremely unnecessary under the circumstances.

44. In using such excessive force on Plaintiff, DOES 1-10, inclusive, acted intentionally and under color of state law.

45. The conduct of DOES 1-10, inclusive, was willful, wanton, malicious, and done with reckless disregard for the rights and safety of Plaintiff and therefore warrants the imposition of exemplary and punitive damages as to DOES 1-10, inclusive.

46. Plaintiff also seeks attorneys' fees under this claim.

### III.

### THIRD CLAIM FOR RELIEF

**42 U.S.C. § 1983 (Violation of First Amendment Rights)**

(By Plaintiff against DOES 1-10, inclusive)

47. Plaintiff repeats and realleges each and every allegation in paragraphs 1 through 34 of this complaint with the same force and effect as if fully set forth herein.

48. During the incident that took place on or about June 18, 2023, Plaintiff asked if he could video record his contact with DOES 1-10 on his phone. Upon making this request, DOES 1-10, inclusive, became significantly more hostile and immediately began using excessive and unreasonable force against Plaintiff in retaliation for his attempt to exercise his First Amendment rights.

49. It is constitutionally protected activity to video record police officers. As such, Plaintiff was engaged in a constitutionally protected activity at all times relevant.

50. Plaintiff is informed and believes and thereon alleges that DOES 1-10, inclusive, took umbrage against Plaintiff for video recording or attempting to video record their actions.

51. In violation of Plaintiff's First Amendment rights, DOES 1-10, inclusive, attempted to chill Plaintiff's constitutionally protected activity by escalating the encounter and using excessive force against him to prevent him from recording their actions.

52. As a result of the continued escalation, DOES 1-10, inclusive, pulled Plaintiff from his vehicle despite lacking any reasonable suspicion of criminal activity, threw him to the ground, beat him, punched him, kicked him, struck him, elbowed him, tased him, slammed his head into the ground, and restrained him with a positional asphyxiation technique.

53. The actions of DOES 1-10, inclusive, against Plaintiff would chill a person of ordinary firmness from continuing to engage in the protected activity, in this case the video recording of police officers.

54. Plaintiff is informed and believes and thereon alleges that Plaintiff's protected activity was a substantial motivating factor in the conduct of DOES 1-10, inclusive.

55. As a result of the conduct of DOES 1-10, inclusive, Plaintiff was harmed.

56. The conduct of DOES 1-10, inclusive, was willful, wanton, malicious, and done with reckless disregard for the rights and safety of Plaintiff and therefore warrants the imposition of exemplary and punitive damages as to DOES 1-10, inclusive.

57. Plaintiff also seeks attorneys' fees under this claim.

///
///
///
///
///

## IV.

## FOURTH CLAIM FOR RELIEF

### California Civil Code § 52.1 (Bane Act)

(By Plaintiff against all Defendants)

58. Plaintiff repeats and realleges each and every allegation in paragraphs 1 through * of this complaint with the same force and effect as if fully set forth herein.

59. On or about June 18, 2023, Plaintiff was attempting to exercise his First Amendment rights by attempting to video record CHP officers DOES 1-10, inclusive, during an unconstitutional stop of Plaintiff's vehicle.

60. In response to Plaintiff exercising this First Amendment right, Plaintiff was forcibly removed from his vehicle, thrown on the ground, and beaten and tased by multiple CHP officers, including DOES 1-10, inclusive. This unconstitutional and excessive use of force further deprived Plaintiff of his Fourth Amendment rights.

61. The conduct of DOES 1-10, inclusive, caused injuries to Plaintiff.

62. DOES 1-10, inclusive, interfered with Plaintiff's First Amendment right to free speech by using violence and intimidation against him for exercising that right.

63. Plaintiff's exercise of his First Amendment rights was a substantial factor in causing DOES 1-10, inclusive, unwarranted use of excessive force.

64. DOES 1-10, inclusive, interfered with Plaintiff's Fourth Amendment right to be free from unreasonable search and seizures by using unconstitutional and excessive force against him.

65. The conduct of DOES 1-10, inclusive, was intentional, despicable, malicious, and oppressive and was done with a willful, wanton, and conscious disregard for Plaintiff's rights.

66. The STATE is vicariously liable for the acts of DOES 1-10, inclusive, pursuant to California Government Code § 815.2(a), which provides that a public entity is liable for the injuries proximately caused by an act or omission of an employee of the

///

public entity within the scope of his employment if the act or omission would have given rise to a cause of action against that employee.

## V.

## FIFTH CLAIM FOR RELIEF

### Assault

(By Plaintiff against all Defendants)

67. Plaintiff repeats and realleges each and every allegation in paragraphs 1 through 34 of this complaint with the same force and effect as if fully set forth herein.

68. On or about June 18, 2023, Plaintiff was involved in an unconstitutional stop of his vehicle by DOES 1-10, which quickly escalated into an unconstitutional arrest and unconstitutional use of excessive force against Plaintiff by DOES 1-10.

69. DOES 1-10, inclusive, threatened to use excessive force on Plaintiff due to his request to video record the interaction with them. Video recording police officers during this interaction was well within Plaintiff's rights.

70. Plaintiff did not consent to the conduct of DOES 1-10, inclusive.

71. In fact, DOES 1-10, inclusive, did pull Plaintiff from his car and use excessive and unreasonable force against him in retaliation for his attempt to video record the interaction.

72. The excessive and unreasonable force used by DOES 1-10, inclusive, caused Plaintiff harm.

73. The conduct of DOES 1-10, inclusive, was a substantial factor in causing Plaintiff's harm.

74. The conduct of DOES 1-10, inclusive, was intentional, despicable, malicious, and oppressive and was done with a willful, wanton, and conscious disregard for Plaintiff's rights.

75. The STATE is vicariously liable for the acts of DOES 1-10, inclusive, pursuant to California Government Code § 815.2(a), which provides that a public entity is liable for the injuries proximately caused by an act or omission of an employee of the

## VI.

## SIXTH CLAIM FOR RELIEF

### Battery

(By Plaintiff against all Defendants)

76. Plaintiff repeats and realleges each and every allegation in paragraphs 1 through 34 of this complaint with the same force and effect as if fully set forth herein.

77. On or about June 18, 2023, Plaintiff was forcibly removed from his car by DOES 1-10, inclusive. Plaintiff was then subjected to an unreasonable and unconstitutional beatdown by DOES 1-10, inclusive, who kicked, struck, punched, elbowed, tased, and otherwise beat Plaintiff. DOES 1-10, inclusive, threw Plaintiff to the ground and forcibly restrained him using positional asphyxiation techniques.

78. Plaintiff did not consent to this touching by DOES 1-10, inclusive.

79. The conduct of DOES 1-10, inclusive, was a substantial factor in causing Plaintiff's harm.

80. The conduct of DOES 1-10, inclusive, was intentional, despicable, malicious, and oppressive and was done with a willful, wanton, and conscious disregard for Plaintiff's rights.

81. The STATE is vicariously liable for the acts of DOES 1-10, inclusive, pursuant to California Government Code § 815.2(a), which provides that a public entity is liable for the injuries proximately caused by an act or omission of an employee of the public entity within the scope of their employment if the act or omission would have given rise to a cause of action against that employee.

///
///
///
///

# VII.

# SEVENTH CLAIM FOR RELIEF

### Intentional Infliction of Emotional Distress

(By Plaintiff against all Defendants)

82. Plaintiff repeats and realleges each and every allegation in paragraphs 1 through 34 of this complaint with the same force and effect as if fully set forth herein.

83. On or about June 18, 2023, Plaintiff was forcibly removed from his car by DOES 1-10, inclusive. Plaintiff was then subjected to an unreasonable and unconstitutional beatdown by DOES 1-10, inclusive, who kicked, struck, punched, elbowed, tased, and otherwise beat Plaintiff. DOES 1-10, inclusive, threw Plaintiff to the ground and forcibly restrained him using positional asphyxiation techniques.

84. At no point during the altercation was Plaintiff a threat to any person, including DOES 1-10, inclusive. At all times Plaintiff was compliant with DOES 1-10, inclusive.

85. DOES 1-10, inclusive, acted in an extreme and outrageous manner by forcibly removing Plaintiff from his car with out reasonable suspicion or probable cause and beating and tasing Plaintiff in retaliation for Plaintiff attempting to exercise his First Amendment rights.

86. DOES 1-10, inclusive, acted with reckless disregard to the probability that Plaintiff would suffer emotional distress from such an outrageous and excessive use of force on his person, despite no reasonable suspicion or probable cause of criminal activity being present.

87. The conduct of DOES 1-10, inclusive, was intentional, despicable, malicious, and oppressive and was done with a willful, wanton, and conscious disregard for Plaintiff's rights.

88. The conduct of DOES 1-10, inclusive, was so extreme and outrageous as to shock the conscious of any civilized person.

///

89. As a result of the conduct of DOES 1-10, inclusive, Plaintiff suffered and continues to suffer from severe emotional distress.

90. The STATE is vicariously liable for the acts of DOES 1-10, inclusive, pursuant to California Government Code § 815.2(a), which provides that a public entity is liable for the injuries proximately caused by an act or omission of an employee of the public entity within the scope of their employment if the act or omission would have given rise to a cause of action against that employee.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests an entry of judgment in his favor and against Defendants STATE OF CALIFORNIA, and DOES 1-10, inclusive, as follows:

A. For Compensatory damages in the amount to be proven at trial;

B. For general and special damages;

C. For exemplary and punitive damages against the individual defendants in an amount to be proven at trial;

D. For statutory damages pursuant to California Civil Code § 52(b)(3);

E. For interest;

F. For reasonable costs of this suit and attorneys' fees; and

G. For such other further relief as the Court may deem just, proper, and appropriate.

SKAPIK LAW GROUP

Dated: January 29, 2024                By:    /s/ Matthew T. Falkenstein
                                              Mark J. Skapik
                                              Geralyn L. Skapik
                                              Blair B. Berkley
                                              Matthew T. Falkenstein
                                              Attorneys for Plaintiff
                                              RYAN P. WALTERS

## JURY DEMAND

Plaintiff hereby demands a trial by jury.

SKAPIK LAW GROUP

Dated: January 29, 2024        By:   */s/ Matthew T. Falkenstein*
Mark J. Skapik
Geralyn L. Skapik
Blair J. Berkley
Matthew T. Falkenstein
Attorneys for Plaintiff
RYAN P. WALTERS

# EXHIBIT A

| STATE OF CALIFORNIA | DEPARTMENT OF GENERAL SERVICES |
|---|---|
| **GOVERNMENT CLAIM** | OFFICE OF RISK AND INSURANCE MANAGEMENT |
| DGS ORIM 006 (Rev. 08/19) | |

## CLAIMANT INFORMATION

| LAST NAME | FIRST NAME | MIDDLE INITIAL |
|---|---|---|
| Walters | Ryan | |

| INMATE OR PATIENT IDENTIFICATION NUMBER (if applicable) | BUSINESS NAME (if applicable) | |
|---|---|---|
| N/A | N/A | |

| TELEPHONE NUMBER | EMAIL ADDRESS | |
|---|---|---|
| (909) 398-4404 | mfalkenstein@skapiklaw.com | |

| MAILING ADDRESS | CITY | STATE | ZIP |
|---|---|---|---|
| 5861 Pine Ave., Suite A-1 | Chino Hills | CA | 91709 |

| IS THE CLAIMANT UNDER 18 YEARS OF AGE? | INSURED NAME (Insurance Company Subrogation) | |
|---|---|---|
| ☐ Yes  ☒ No | N/A | |

| IS THIS AN AMENDMENT TO A PREVIOUSLY EXISTING CLAIM? | EXISTING CLAIM NUMBER (if applicable) | EXISTING CLAIMANT NAME (if applicable) |
|---|---|---|
| ☐ Yes  ☒ No | N/A | N/A |

## ATTORNEY OR REPRESENTATIVE INFORMATION

| LAST NAME | FIRST NAME | MIDDLE INITIAL |
|---|---|---|
| Falkenstein | Matthew | T |

| TELEPHONE NUMBER | EMAIL ADDRESS | |
|---|---|---|
| (909) 398-4404 | mfalkenstein@skapiklaw.com | |

| MAILING ADDRESS | CITY | STATE | ZIP |
|---|---|---|---|
| 5861 Pine Ave., Suite A-1 | Chino Hills | CA | 91709 |

## CLAIM INFORMATION

| STATE AGENCIES OR EMPLOYEES AGAINST WHOM THE CLAIM IS FILED | DATE OF INCIDENT |
|---|---|
| California Highway Patrol | On or about June 18, 2023 |

**LATE CLAIM EXPLANATION** (Required, if incident was more than six months ago)

Not Applicable.

| DOLLAR AMOUNT OF CLAIM | CIVIL CASE TYPE (Required, if amount is more than $10,000) |
|---|---|
| $10,000,000.00 | ☐ Limited ($25,000 or less)  ☒ Non-Limited (over $25,000) |

**DOLLAR AMOUNT EXPLANATION**
See Attachment 1.

**INCIDENT LOCATION**
At or around the intersection of Long Beach Blvd. and the 91 Freeway in Long Beach, CA

**SPECIFIC DAMAGE OR INJURY DESCRIPTION**

See Attachment 1.

**CIRCUMSTANCES THAT LED TO DAMAGE OR INJURY**

See Attachment 1.

**EXPLAIN WHY YOU BELIEVE THE STATE IS RESPONSIBLE FOR THE DAMAGE OR INJURY**

# See Attachment 1.

Page 1 of 2

STATE OF CALIFORNIA
# GOVERNMENT CLAIM
DGS ORIM 006 (Rev. 08/19)

DEPARTMENT OF GENERAL SERVICES
OFFICE OF RISK AND INSURANCE MANAGEMENT

## AUTOMOBILE CLAIM INFORMATION

| DOES THE CLAIM INVOLVE A STATE VEHICLE? | VEHICLE LICENSE NUMBER (if known) | STATE DRIVER NAME (if known) |
|---|---|---|
| ☐ Yes  ☒ No | N/A | N/A |
| HAS A CLAIM BEEN FILED WITH YOUR INSURANCE CARRIER? | INSURANCE CARRIER NAME | INSURANCE CLAIM NUMBER |
| ☐ Yes  ☒ No | N/A | N/A |
| HAVE YOU RECEIVED AN INSURANCE PAYMENT FOR THIS DAMAGE OR INJURY? | AMOUNT RECEIVED (if any) | AMOUNT OF DEDUCTIBLE (if any) |
| ☐ Yes  ☒ No | N/A | N/A |

## NOTICE AND SIGNATURE

I declare under penalty of perjury under the laws of the State of California that all the information I have provided is true and correct to the best of my information and belief. I further understand that if I have provided information that is false, intentionally incomplete, or misleading I may be charged with a felony punishable by up to four years in state prison and/or a fine of up to $10,000 (Penal Code section 72).

| SIGNATURE: *[signed]* | PRINTED NAME Matthew T. Falkenstein | DATE November 14, 2023 |
|---|---|---|

## INSTRUCTIONS

- Include a check or money order for $25, payable to the State of California.
  - $25 filing fee is not required for amendments to existing claims.
- Confirm all sections relating to this claim are complete and the form is signed.
- Attach copies of any documentation that supports your claim. Do not submit originals.

Mail the claim form and all attachments to:
Office of Risk and Insurance Management
Government Claims Program
P.O. Box 989052, MS414
West Sacramento, CA 95798-9052

Claim forms can also be delivered to:
Office of Risk and Insurance Management
Government Claims Program
707 3rd Street, 1st Floor
West Sacramento, CA 95605
1-800-955-0045

### Department of General Services Privacy Notice on Information Collection

This notice is provided pursuant to the Information Practices Act of 1977, California Civil Code Sections 1798.17 & 1798.24 and the Federal Privacy Act (Public Law 93-579).

The Department of General Services (DGS), Office of Risk and Insurance Management (ORIM), is requesting the information specified on this form pursuant to Government Code Section 905.2(c).

The principal purpose for requesting this data is to process claims against the state. The information provided will/may be disclosed to a person, or to another agency where the transfer is necessary for the transferee-agency to perform its constitutional or statutory duties, and the use is compatible with a purpose for which the information was collected and the use or transfer is accounted for in accordance with California Civil Code Section 1798.25.

Individuals should not provide personal information that is not requested.

The submission of all information requested is mandatory unless otherwise noted. If you fail to provide the information requested to DGS, or if the information provided is deemed incomplete or unreadable, this may result in a delay in processing.

**Department Privacy Policy**
The information collected by DGS is subject to the limitations in the Information Practices Act of 1977 and state policy (see State Administrative Manual 5310-5310.7). For more information on how we care for your personal information, please read the DGS Privacy Policy.

**Access to Your Information**
ORIM is responsible for maintaining collected records and retaining them for 5 years. You have a right to access records containing personal information maintained by the state entity. To request access, contact:

**DGSORIM**
**Public Records Officer**
**707 3rd St., West Sacramento, CA 95605**
**(916) 376-5300**

Page 2 of 2

MC-025

| SHORT TITLE: Walters v. State of California | CASE NUMBER: N/A |
|---|---|

**ATTACHMENT** *(Number):* 1

*(This Attachment may be used with any Judicial Council form.)*

Attachment 1 to Ryan Walters' State of California Government Claim DGS ORIM 006:

DOLLAR AMOUNT EXPLANATION:
Claimant suffered multiple injuries that have required treatment due to the force used by CHP officers. Claimant was treated for potential TBI, nerve damage, taser damage, bruises, cuts, contusions, and abrasions due to the excessive and unreasonable force used by involved CHP officers. Mr. Walters is also seeking past and future medical expenses, past and future lost earnings, pain and suffering.

SPECIFIC DAMAGE OR INJURY DESCRIPTION:
Potential TBI, potential nerve damage, cuts, abrasions, contusions, bruises, emotional distress, PTSD, pain and suffering from being tased multiple times and from being tackled, punched, kicked, elbowed, and placed into positional asphyxiation restraint positions.

CIRCUMSTANCES THAT LED TO DAMAGE OR INJURY:
On or about the night in question, Claimant was driving home in the early morning hours. He stopped at a red light behind another car at or around the intersection of Long Beach Boulevard and the 91 Freeway in Long Beach, California, waiting to get onto the 91 eastbound. At the same time, multiple police cruisers, including CHP vehicles, were pulled over after what appeared to be a high speed chase. When the light that Claimant was waiting at turned green, the car in front of him did not drive forward for some time, presumably enthralled by the recently ended police chase. After waiting for some time, Claimant lightly pressed the horn of his car to indicate to the other driver that the light was green. The car drove away; however, when Claimant honked his horn, an unknown CHP officer ran over and blocked his car from driving forward and began yelling at Claimant. Claimant was confused and did not understand, and tried to indicate to the officer that the light had been green. By this point, the light had changed back to red. The unknown CHP officer then came to Claimant's driver's side window and told him to exit the vehicle. Claimant asked if he could record the interaction and reached for his cell phone, which was in the cup holder of his car. This aggravated the CHP officer, who then forcibly pulled Claimant from the vehicle and attempted to wrestle him to the ground. At no point did Claimant resist. A few seconds later, at least four other CHP officers came over and gang tackled Claimant to the ground. Claimant was punched, kicked, elbowed, kneed, and tased multiple time by the officers. Officers then pushed his face into the asphalt, put their whole weight onto Claimant's back, and tased him again. Claimant was not engaged in any kind of criminal activity. Claimant was arrested and taken to Lynwood jail in Long Beach, California where he spent the night.

EXPLAIN WHY YOU BELIEVE THE STATE IS RESPONSIBLE FOR THE DAMAGE OR INJURY:
The involved CHP officers, the identities of whom are currently unknown, used unreasonable and excessive force to violate Claimant's constitutional rights, including his First and Fourth Amendment rights, along with his state rights. No reasonable suspicion existed to stop Claimant to begin with. However, the officers used unreasonable and excessive force against Claimant, and violated his state and federal rights. The officers also assaulted, battered, and intentionally inflicted emotional distress against Claimant. The ultimate arrest of Claimant was also unlawful.

Attorney Contact: Matthew T. Falkenstein; Skapik Law Group, 5861 Pine Ave., Suite A-1, Chino Hills, CA 91709; (909) 398-4404

*(If the item that this Attachment concerns is made under penalty of perjury, all statements in this Attachment are made under penalty of perjury.)*

Page 1 of 1
*(Add pages as required)*

Form Approved for Optional Use
Judicial Council of California
MC-025 [Rev. July 1, 2009]

**ATTACHMENT
to Judicial Council Form**

www.courtinfo.ca.gov



**After printing this label:**
1. Use the 'Print' button on this page to print your label to your laser or inkjet printer.
2. Fold the printed page along the horizontal line.
3. Place label in shipping pouch and affix it to your shipment so that the barcode portion of the label can be read and scanned.

**Warning**: Use only the printed original label for shipping. Using a photocopy of this label for shipping purposes is fraudulent and could result in additional billing charges, along with the cancellation of your FedEx account number.
Use of this system constitutes your agreement to the service conditions in the current FedEx Service Guide, available on fedex.com.FedEx will not be responsible for any claim in excess of $100 per package, whether the result of loss, damage, delay, non-delivery,misdelivery,or misinformation, unless you declare a higher value, pay an additional charge, document your actual loss and file a timely claim.Limitations found in the current FedEx Service Guide apply. Your right to recover from FedEx for any loss, including intrinsic value of the package, loss of sales, income interest, profit, attorney's fees, costs, and other forms of damage whether direct, incidental,consequential, or special is limited to the greater of $100 or the authorized declared value. Recovery cannot exceed actual documented loss.Maximum for items of extraordinary value is $1,000, e.g. jewelry, precious metals, negotiable instruments and other items listed in our ServiceGuide. Written claims must be filed within strict time limits, see current FedEx Service Guide.